1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

7
8

FAYEZ MANSOR, CABDI IBRAHIM XAREED,
AND SHUKRIA ZAFARI, on behalf of themselves
and others similarly situated,

9
10

*Plaintiffs*,

11

v.

12
13

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES; ALEJANDRO MAYORKAS,
SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY; UR JADDOU,
DIRECTOR, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

14
15
16
17

*Defendants*.

No: 2:23-cv-347

The Honorable James L.
Robart

**[STIPULATED]
PROTECTIVE ORDER**

NOTE ON MOTION
CALENDAR: November 1,
2023

18
19
20

1.    PURPOSES AND LIMITATIONS

21          The certified administrative record ("CAR") and any Discovery in this action is likely to

22    involve production of confidential, proprietary, and/or private information for which special

23    protection is warranted.[1] Accordingly, the parties hereby stipulate to and petition the court to

24    enter the following Stipulated Protective Order. The parties acknowledge that this agreement is

25

26          [1] While this Stipulated Protective Order covers any discovery that may be ordered in this
action, nothing herein shall be interpreted as a waiver, forfeiture or abandonment by Defendants
27    of any argument that this action is properly decided solely on the administrative record.

28    [STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.     "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a)     Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, et seq., if the subject of the information is a U.S. citizen or a person lawfully admitted for permanent residence;

(b)     Deliberative material protected from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(5).

(c)     Personally identifiable information, and any information that is protected or restricted from disclosure by statute or regulation but which the Court may order to be produced, to include any information that permits the identity of a person to be directly or indirectly inferred, including any information which is linked or linkable to that person regardless of whether the person is a U.S. citizen, lawful permanent resident (LPR), visitor to the United States, or a DHS employee or contractor;

(d)     Information, documents or tangible things, which contain sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests, to include any information that permits the identity of a person to be directly or indirectly inferred, including any information

[STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

2

1  which is linked or linkable to that person regardless of whether the person is a U.S. citizen, lawful

2  permanent resident (LPR), visitor to the United States, or a DHS employee or contractor;

3           (e)      Information contained in or pertaining to:

4                    (1) an individual's asylum, statutory withholding of removal, refugee, or

5           Convention Against Torture ("CAT") claims or applications, or credible fear or

6           reasonable fear determinations;

7                    (2) legalization applications under 8 U.S.C. § 1255a;

8                    (3) Special Agricultural Worker applications under 8 U.S.C. § 1160;

9                    (4) Individual I-821 applications for temporary protected status ("TPS")

10          under 8 U.S.C. § 1254a;

11          (f)      Information which relates to an individual who is the beneficiary of an

12  application for relief under paragraph (15)(T), (15)(U), or (51) of section 101(a) of the Immigration

13  and Nationality Act [8 U.S.C. 1101(a)(15)(T), (U), (51)] or section 240A(b)(2) of such Act [8

14  U.S.C. 1229b(b)(2)]; information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any

15  abused noncitizen spouse or child, including information regarding the whereabouts of such spouse

16  or child (see 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii));

17          (g)      All other protected documents, information or tangible things not

18  identified above that the parties agree in writing or the Court orders qualify for protection under

19  Federal Rule of Civil Procedure 26(c).

20

21  3.   SCOPE

22          The protections conferred by this agreement cover not only confidential material (as

23  defined above), but also (1) any information copied or extracted from confidential material; (2) all

24  copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

25  conversations, or presentations by parties or their counsel that reveal confidential material.

26

27

28  [STIPULATED] PROTECTIVE ORDER                              Office of Immigration Litigation
    Case No. 2:23-cv-347                                       P.O. Box 868, Ben Franklin Station
                                                               Washington, D.C. 20044
                                                               (202) 353-8536

3

1    However, the protections conferred by this agreement do not cover information that is in the public

2    domain or becomes part of the public domain through trial or otherwise.

3    4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4         4.1    Basic Principles. A receiving party may use confidential material that is disclosed

5    or produced by another party or by a non-party in connection with this case only for prosecuting,

6    defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

7    categories of persons and under the conditions described in this agreement. Confidential material

8    must be stored and maintained by a receiving party at a location and in a secure manner that ensures

9    that access is limited to the persons authorized under this agreement.

10        4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

11   by the court or permitted in writing by the designating party, a receiving party may disclose any

12   confidential material only to:

13             (a) the receiving party's counsel of record in this action, as well as employees of

14   counsel to whom it is reasonably necessary to disclose the information for this litigation;

15             (b) the officers, directors, and employees (including in house counsel) of the

16   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

17   agree that a particular document or material produced is for Attorney's Eyes Only and is so

18   designated;

19             (c) experts and consultants to whom disclosure is reasonably necessary for this

20   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21             (d) the court, court personnel, and court reporters and their staff;

22             (e) copy or imaging services retained by counsel to assist in the duplication of

23   confidential material, provided that counsel for the party retaining the copy or imaging service

24   instructs the service not to disclose any confidential material to third parties and to immediately

25   return all originals and copies of any confidential material;

26

27

28

[STIPULATED] PROTECTIVE ORDER          Office of Immigration Litigation
Case No. 2:23-cv-347                    P.O. Box 868, Ben Franklin Station
                                        Washington, D.C. 20044
                                        (202) 353-8536

4

1         (f) during their depositions, witnesses in the action to whom disclosure is

2 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

4 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

5 be separately bound by the court reporter and may not be disclosed to anyone except as permitted

6 under this agreement;

7         (g) the author or recipient of a document containing the information or a custodian

8 or other person who otherwise possessed or knew the information.

9       4.3   <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

10 referencing such material in court filings, the filing party shall confer with the designating party,

11 at least three business days prior to filing and in accordance with Local Civil Rule 5(g)(3)(A), to

12 determine whether the designating party will remove the confidential designation, whether the

13 document can be redacted, or whether a motion to seal or stipulation and proposed order is

14 warranted. During the meet and confer process, the designating party must identify the basis for

15 sealing the specific confidential information at issue, and the filing party shall include this basis in

16 its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule

17 5(g) sets forth the procedures that must be followed and the standards that will be applied when a

18 party seeks permission from the court to file material under seal. A party who seeks to maintain

19 the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B),

20 even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in

21 the motion to seal being denied, in accordance with the strong presumption of public access to the

22 Court's files.

23

24 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

25       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

26 or non-party that designates information or items for protection under this agreement must take

27

28

[STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

5

care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony</u>

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

[STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

6

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1      Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2      Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3      Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

[STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

7

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

[STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

8

1    10.    NON-TERMINATION AND RETURN OF DOCUMENTS

2          Within 60 days after the termination of this action, including all appeals, each receiving

3    party must return all confidential material to the producing party, including all copies, extracts and

4    summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

5    Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents

6    filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial

7    exhibits, expert reports, attorney work product, and consultant and expert work product, even if

8    such materials contain confidential material.

9          The confidentiality obligations imposed by this agreement shall remain in effect until a

10   designating party agrees otherwise in writing or a court orders otherwise.

11                      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12   Date: November 3, 2023                    Respectfully Submitted,

13
                                               /s/ Matt Adams (with consent)
14                                             Matt Adams
                                               Aaron Korthuis
15                                             Glenda M. Aldana Madrid
                                               NORTHWEST IMMIGRATION RIGHTS
16                                             PROJECT

17
                                               Mary Kenney
18                                             Trina Realmuto
                                               Kristin Macleod-Ball
19                                             NATIONAL IMMIGRATION
                                               LITIGATION ALLIANCE
20

21                                             Ira J. Kurzban
22                                             Edward F. Ramos
                                               KURZBAND KURZBAN TETZELI &
23                                             PRATT, P.A.

24
                                               Attorneys for Plaintiffs
25

26

27
     [STIPULATED] PROTECTIVE ORDER                              Office of Immigration Litigation
28   Case No. 2:23-cv-347                                      P.O. Box 868, Ben Franklin Station
                                                               Washington, D.C. 20044
                                                               (202) 353-8536

Dated: November 3, 2023                    Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney General
                                           Civil Division

                                           WILLIAM C. PEACHEY
                                           Director
                                           Office of Immigration Litigation
                                           District Court Section

                                           ELIANIS PEREZ
                                           Assistant Director

                                           MARY L. LARAKERS
                                           Trial Attorney

                                           */s/Kevin Hirst*
                                           KEVIN HIRST
                                           Trial Attorney
                                           Office of Immigration Litigation
                                           U.S. Department of Justice
                                           Civil Division
                                           P.O. Box 868, Ben Franklin Station
                                           Washington, D.C. 20044
                                           Telephone: (202) 353-8536
                                           Email: kevin.c.hirst@usdoj.gov

                                           *Counsel for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or

[STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

10

1   shall serve to limit a party's right to conduct a review of documents for relevance, responsiveness

2   and/or segregation of privileged and/or protected information before production. Information

3   produced in the CAR and any discovery that is protected as privileged or work product shall be

4   immediately returned to the producing party.

5

6          DATED: November 3, 2023

7

8                                              _____

9                                              Hon. James L. Robart
                                               United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[STIPULATED] PROTECTIVE ORDER
Case No. 2:23-cv-347

Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 353-8536

11

1
2
3

<u>EXHIBIT A</u>

4

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

5      I, _____ [print or type full name], of

6 _____ [print or type full address], declare under penalty of

7 perjury that I have read in its entirety and understand the Stipulated Protective Order that was

8 issued by the United States District Court for the Western District of Washington on [date] in the

9 case of _____ **[insert formal name of the case and the number and initials**

10 **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

11 Stipulated Protective Order and I understand and acknowledge that failure to so comply could

12 expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

13 not disclose in any manner any information or item that is subject to this Stipulated Protective

14 Order to any person or entity except in strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court for the

16 Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

17 Order, even if such enforcement proceedings occur after termination of this action.

18 Date:_____

19

20 City and State where sworn and signed:_____

21 Printed name:_____

22 Signature: _____

23
24
25
26
27
28

[STIPULATED] PROTECTIVE ORDER                    Office of Immigration Litigation
Case No. 2:23-cv-347                              P.O. Box 868, Ben Franklin Station
                                                  Washington, D.C. 20044
                                                  (202) 353-8536