UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAYEZ MANSOR, et al.,

                    Plaintiffs,

          v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,
et al.,

                    Defendants.

CASE NO. C23-0347JLR

ORDER

On November 12, 2024, the parties filed cross motions for summary judgment

briefing the issue of whether Defendant U.S. Citizenship and Immigration Services'

("USCIS") Prima Facie Eligibility Streamlined Case Processing ("PFE SCP") system for

adjudicating concurrently-filed applications for employment authorization and temporary

protected status ("TPS") complies with certain statutory and regulatory requirements.

(Plfs. MSJ (Dkt. # 89); Defs. MSJ (Dkt. # 92).)  On February 10, 2025, Defendants filed

a "Notice of Administrative Action" stating that they have "paused PFE SCP to review

1    the sufficiency of the background checks within the PFE SCP workflow" and to "ensure

2    compliance with" certain January 20, 2025 Executive Orders.  (*See* Not. (Dkt. # 97).)  On

3    February 11, 2025, the court ordered the parties to show cause why their cross motions

4    should not be stricken from the docket, with leave to refile the motions after Defendants

5    complete their review, if appropriate.  (2/11/25 Order (Dkt. #98).)  The parties timely

6    responded to the court's order to show cause.  (Defs. Resp. (Dkt. # 99); Plfs. Resp. (Dkt.

7    # 100).)

8           In their response, Defendants stated that Defendant USCIS had "just begun its

9    review" of the PFE SCP workflow and did not know whether the substance of the parties'

10   motion for summary judgment briefing will be affected" by this review.  (Defs. Resp. at

11   2.)  Plaintiffs responded that in pausing PFE SCP review, Defendants were

12   "effectively . . . back to [using] *only* one-touch processing for all applications" and were

13   failing to comply with the controlling statute and regulations "regardless of which

14   processing system" Defendants applied.  (Plfs. Resp. at 3 (emphasis in original).)  The

15   court concluded that it could not resolve the parties' disputes regarding either the PFE

16   SCP system or the one-touch processing system without knowing if or how those systems

17   may be impacted by Defendants' review.  (2/18/25 (Dkt. # 101).)  Accordingly, the court

18   directed the Clerk to renote the parties' cross motions for March 14, 2025, and ordered

19   Defendants to file a report regarding the status of USCIS's review and its effect, if any,

20   on the parties' pending cross motions by that date.  (*See id.*)

21          Defendants timely filed a status report.  (Report (Dkt. # 102).)  Defendants' report

22   provides that on March 13, 2025, the Senior Advisor for the Director's Office of USCIS

1   "submitted recommendations based on his in-depth review of TPS PFE SCP" and

2   "USCIS is now internally deliberating next steps regarding TPS SCP and TPS PFE SCP."

3   (Report ¶¶ 1-2 (citing McDermott Decl. (Dkt. # 103) ¶¶ 1, 8-9).)  Defendants also note

4   that they are "deliberating whether to make changes to USCIS's adjudicatory practices as

5   described in Defendants' motion for summary judgment."  (*Id.* ¶ 3 (citing McDermott

6   Decl. ¶ 8).)  Defendants represent that they "will endeavor to determine whether [USCIS]

7   will make any changes to the processes at issue in the parties' [cross] motions" within 30

8   days.  (Report at 4.)

9          In the interest of efficiently using judicial resources, the court DIRECTS the Clerk

10  to renote the parties' cross motions for summary judgment (Dkt. ## 89, 92) for **April 14,**

11  **2025**.  Defendants are ORDERED to file a status report regarding the status of USCIS's

12  review and its effect, if any, on the pending cross motions by **April 14, 2025**.

13         Dated this 17th day of March, 2025.

14  

15  JAMES L. ROBART
    United States District Judge

16

17

18

19

20

21

22

ORDER - 3