UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAYEZ MANSOR, et al.,

              Plaintiffs,

     v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,
et al.,

              Defendants.

CASE NO. C23-0347JLR

ORDER

## I.  INTRODUCTION

Before the court is Defendants'[1] motion for clarification of the court's December 1, 2025 order and judgment.[2]  (Mot. (Dkt. # 133); Reply (Dkt. # 139); *see also* 12/1/25

---

[1] Defendants are United States Citizenship and Immigration Services ("USCIS"), Director of USCIS Joseph B. Edlow, and Secretary of the United States Department of Homeland Security Secretary ("DHS") Kristi Noem (collectively, "Defendants").

[2] Defendants originally moved to amend and/or alter the judgment pursuant to Federal Rule of Civil Procedure 59.  In their reply, however, Defendants asked the court construe their

ORDER - 1

Order (Dkt. # 126); 12/1/25 Judgment (Dkt. # 127).)  Plaintiffs oppose the motion in part.[3]  (Resp. (Dkt. # 137).)  The court has considered the motion, the parties' submissions, and the governing law.  Being fully advised,[4] the court GRANTS Defendants' motion.

## II.    BACKGROUND[5]

On December 1, 2025, the court, in pertinent part, granted Plaintiffs' motion for summary judgment, denied Defendants' motion for summary judgment, and ordered as follows:

(1) The court DECLARES that Defendants' One-Touch policy and practice violates 8 U.S.C. § 1254a(a)(4) by failing to provide the temporary treatment benefit of interim employment authorization.  Defendants' policy and practice of adjudicating applications for employment authorization and [Temporary Protected Status "TPS"] simultaneously is unlawful and violates 5 U.S.C. §§ 706(1), (2) and the Due Process Clause of the Fifth Amendment.

(2) The court DECLARES that Defendants' PFE-SCP violates 8 U.S.C. § 1254a(a)(4), its implementing regulations, 5 U.S.C. §§ 706(1), (2), and the Due Process Clause of the Fifth Amendment by failing to timely provide the temporary treatment benefit of interim employment authorization following the filing of a TPS application demonstrating prima facie eligibility.

---

motion as one solely for clarification pursuant to Federal Rule of Civil Procedure 60(a).  (*See* Mot.; *see also* Reply.)

[3] Plaintiffs are Fayez Mansor, Cabdi Ibrahim Xareed, and Shukria Zafari (collectively, "Plaintiffs").

[4] Neither party requests oral argument and the court concludes oral argument would not assist in the disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[5] The court set forth the background of this matter in its order on the parties' motions for summary judgment and assumes the reader is familiar with that order.  (*See* 12/1/25 Order at 2-9.)

ORDER - 2

(3) Pursuant to 5 U.S.C. § 706(1), the court DECLARES that the TPS statute and its implementing regulations mandate that Defendants must provide interim employment authorization upon the filing of a TPS application demonstrating prima facie eligibility; that pursuant to its policies and practices Defendants have unlawfully withheld this mandatory interim benefit; and that, by this Order, Defendants are compelled to timely provide interim employment authorization upon the filing of a TPS application that demonstrates prima facie eligibility.

(4) Pursuant to 5 U.S.C. § 706(2), the court sets aside and ENJOINS Defendants from using its One-Touch policy and PFE-SCP processing. The court finds that the policies are arbitrary and capricious, not in accordance with law, contrary to constitutional right, short of statutory right, and without observance of procedure required by law. The court also finds that the policies violate the Due Process Clause of the Fifth Amendment.

(5) The court ORDERS Defendants to implement a process to screen TPS applicants for prima facie eligibility upon the filing of a TPS application and to provide (c)(19) EADs to all such eligible applicants as defined by 8 U.S.C.§ 1254a(c)(1)(A)(i)-(iii) and 8 C.F.R. § 244.1, and as otherwise required by the TPS statute and its implementing regulations.

(*See* 12/1/25 Order at 21-22; *see also* 12/1/25 Judgment.)

On January 7, 2026, Defendants moved to clarify the court's order and judgment. (Mot. at 10-12.) On January 28, 2026, Defendants appealed the court's December 1, 2025 order and judgment to the Ninth Circuit. (1/28/26 Not. (Dkt. # 134); *see also* 2/11/26 Order of USCA ("Proceedings in this court other than mediation are stayed until the district court rules on the motion [to amend judgment].").) On February 4, 2026, Plaintiffs filed a response opposing the motion in part. (Resp.) The motion is now fully briefed and ripe for the court's consideration.

//

//

ORDER - 3

## III.    ANALYSIS

The court first clarifies its jurisdiction to decide Defendants' motion before turning to the merits of the parties' arguments.

### A.    The Court's Jurisdiction on Appeal

The filing of a notice of appeal confers jurisdiction on the court of appeals and "divests the district court of its control over those aspects of the case involved in the appeal." *Evans v. Synopsys, Inc.*, 34 F.4th 762, 776 (9th Cir. 2022) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982)). This rule "is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983), *superseded on other grounds by rule*, Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment. A district court cannot modify an order in ways that interfere with or are bound up in the issues on appeal, except in limited circumstances where the court maintains a supervisory function over the matter being appealed. *Hoffman for & on Behalf of N.L.R.B. v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976); *see also Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (concluding "that the district court possessed jurisdiction to modify the injunction while the consolidated appeal was pending[] because the changes preserved the status quo and did not materially alter the status of the case on appeal").

The court concludes that it has jurisdiction to amend its prior order because Defendants do not ask the court to modify its order in ways that interfere with the issues

ORDER - 4

on appeal.  Rather, Defendants move solely for clarification of the court's prior order. (*See* Reply at 2.)

**B.      Defendants' Requests for Clarification**

Defendants move pursuant to Rule 60(a) for clarification as to whether (1) the court enjoined streamlined case processing for benefit applications unrelated to this lawsuit; (2) USCIS may consult information to which it has "direct and immediate access" to perform administrative and substantive checks to determine eligibility for a (c)(19) EAD; and (3) USCIS may issue a non-EAD, alternate form of proof of interim work authorization and, relatedly, whether USCIS may require that an applicant attend a biometrics appointment and file a Form I-765 prior to issuing a (c)(19) EAD.  (Mot. at 10-12.)  Plaintiffs are not opposed to the court so clarifying.  (Resp. at 6.)

Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P 60(a).

First, although the court's December 1, 2025 order is clear that it pertains only to TPS-related streamlined case processing and that any other type of immigration application case processing remains unencumbered, the court amends its order to reflect that any reference to "PFE-SCP" on pages 21-22 of the order refers solely to "TPS-PFE-SCP."  Therefore, the court amends paragraphs 2 and 4 of its December 1, 2025 order as follows:

ORDER - 5

(2) The court DECLARES that Defendants' TPS-PFE-SCP process violates 8 U.S.C. § 1254a(a)(4), its implementing regulations, 5 U.S.C. §§ 706(1), (2), and the Due Process Clause of the Fifth Amendment by failing to timely provide the temporary treatment benefit of interim employment authorization following the filing of a TPS application demonstrating prima facie eligibility.

(4) Pursuant to 5 U.S.C. § 706(2), the court sets aside and ENJOINS Defendants from using its One-Touch policy and TPS-PFE-SCP processing. The court finds that the policies are arbitrary and capricious, not in accordance with law, contrary to constitutional right, short of statutory right, and without observance of procedure required by law. The court also finds that the policies violate the Due Process Clause of the Fifth Amendment.

(12/1/25 Order at 21-22.)

Second, the court's position on USCIS's ability to consult information in its possession to make (c)(19) EAD eligibility determinations is clear and consistent: "(c)(19) EAD applicants are able to demonstrate their qualifications for work authorization *before* USCIS completes its search for adverse information, but are properly denied if, at the time of submitting an application for TPS, USCIS has in its possession evidence that rebuts an applicant's claims of eligibility." (12/1/25 Order at 15 (emphasis in the original).) Collecting routine biometric information at biometric appointments can hardly be described as a search for adverse information. For the avoidance of doubt, however, the court affirms that its order does not enjoin USCIS's ability to collect biometric data from TPS applicants or to require TPS applicants to file a Form I-765 to request evidence of interim work authorization. It also does not prohibit USCIS from querying DHS's internal systems to determine whether to issue evidence of interim employment authorization. Furthermore, nothing in the court's order should be

ORDER - 6

construed to limit USCIS's review to information entered into such systems only by DHS entities. If, as a result of review of its internal systems, USCIS has in its possession information from any source to rebut an applicant's prima facie case of eligibility for TPS, the statute permits USCIS to deny the application for TPS benefits, including for evidence of interim work authorization. *See* 8 U.S.C. § 1254a(c)(1)(A)(i)-(iii) (providing the eligibility requirements for an applicant to receive TPS interim benefits).

Finally, the court clarifies that Defendants may satisfy their obligations under the TPS statute by issuing a form of work authorization other than a Form I-766/EAD. Indeed, nothing in the court's order could reasonably be construed to suggest that Defendants must issue an EAD without confirming the identity of the applicant. Plaintiffs agree that USCIS can fulfill the requirements of the TPS statute by issuing an alternate form of work authorization. (Resp. at 8-9 (so contending).) For the avoidance of doubt, the court amends page 22 of its order to read:

> (5) The court ORDERS Defendants to implement a process to screen TPS applicants for prima facie eligibility upon the filing of a TPS application and to provide interim employment authorization to all such eligible applicants as defined by 8 U.S.C.§ 1254a(c)(1)(A)(i)-(iii) and 8 C.F.R. § 244.1, and as otherwise required by the TPS statute and its implementing regulations.

(12/1/25 Order at 22.)

//

//

//

//

# IV.   CONCLUSION

For reason of the foregoing, the court GRANTS Defendants' motion for clarification (Dkt. # 133).

Dated this 16th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 8